### N. J. HOWARD v. THE STATE.

No. 1030.   Decided November 1, 1911.

Rehearing denied January 24, 1912.

**1.—Forgery—Requested Charge—Bill of Exceptions.**

Where the requested charge does not occur in the record otherwise than as attempted to be saved by the bill of exceptions, and the trial judge does not remember such charge, the same can not be considered on appeal.

**2.—Same—Bill of Exceptions—Leading Questions.**

Where the record showed that a leading question was asked an unwilling witness, there was no error; besides, the bill of exceptions is defective. Following Douglas v. State, 58 Texas Crim. Rep., 124, and other cases.

**3.—Same—Evidence—Opinion of Witness—Bill of Exceptions.**

Where the indictment charged that the forgery was intended to injure.

and defraud, an objection sustained to defendant's question whether prosecuting witness believed that defendant intended to defraud him, was correctly sustained; besides, the bill of exceptions was insufficient.

**4.—Same—Evidence—Charge of Court—Intent—Bill of Exceptions—Other Transactions.**

Upon trial of forgery of a check, there was no error in admitting in evidence other checks signed by the defendant contemporaneously; the same being limited to the question of intent; besides, the bill of exceptions was insufficient.

**5.—Same—Charge of Court—Disjunctive—Statutes Construed.**

Where the defendant was charged with forgery with intent to injure and defraud, a complaint to the court's charge, because the same used the words "injure and defraud" disjunctively, there was no error. Penal Code, 530.

**6.—Same—Charge of Court—Motion for New Trial.**

Where the objections in the motion for new trial complained of the court's charge because the same is vague, indefinite, unintelligible, and calculated to mislead the jury, the same was too general to be considered on appeal; besides, the charge of the court was correct.

**7.—Same—Charge of Court—Weight of Evidence.**

Where, upon trial of forgery, the court submitted in his charge defendant's theory of consent to sign the check, and was more favorable to the defendant than the law required, there was no reversible error even if it was upon the weight of the testimony.

**8.—Same—Charge of Court—Other Transactions—Intent.**

Where, upon trial of forgery of a certain check, other checks contemporaneously passed by the defendant were in evidence, there was no error in the court's charge in limiting the same to the question of intent.

**9.—Same—Motion for New Trial—Bill of Exceptions—Judge.**

Where the grounds of appellant's motion for new trial for reversal related to requested charges and the admission of evidence and the conduct of the trial judge, and there were no bills of exception, the same could not be considered on appeal.

Appeal from the District Court of Bosque. Tried below before the Hon. O. L. Lockett.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Odell & Johnson* and *J. P. Word,* for appellant.

*C. E. Lane,* Assistant Attorney-General and *E. B. Robertson,* District Attorney, for the State.—On the question of the court's charge on the phrase "Injure and defraud:" Berliner v. State, 6 Texas Crim. App., 181.

On question of court's charge on limiting testimony of other checks: Taylor v. State, 81 S. W. Rep., 933; McGlasson v. State, 37 Texas Crim. Rep., 620.

PRENDERGAST, JUDGE.—The appellant was indicted for forging a check on a bank for $10 by signing his father's name thereto and

passing it to John Jimerson, alleged to have occurred on or about February 2, 1907. The trial was had September 19, 1910. He was convicted and the jury assessed his penalty at two years in the penitentiary.

It is unnecessary to give a detailed statement of the facts. The facts show, briefly stated, that in the fall of 1906, and January, 1907, J. S. Howard, the father of the appellant, had an account in the First National Bank of Meridian, Texas. That for a short time during the fall of 1906, the father had given permission to the appellant to draw some small checks on the bank and sign his name thereto, but in November, 1906, finding that the appellant had drawn more checks and for an aggregate of a larger sum than he had intended or anticipated, he saw him about the first of December, 1906, and instructed him to draw no more checks and sign his name thereto, and about the same time he notified the bank not to pay any of the checks drawn in his name by the appellant.

The record shows that the appellant's father soon after the drawing of the check charged to be forged in this case, went before the grand jury and had his son indicted for forgery and testified at the time fully the facts; that about this same time the appellant found out that he was to be or was being proceeded against for forgery, fled the country and was gone and could not be found by the officers for about three years or more after the indictment. In the meantime and before the appellant was arrested his father who was used by the State as the main witness on the trial, repented of the prosecution of his son and was a hostile witness to the State on the trial. So much so that the court permitted the State to ask him leading questions and had the stenographer, in making out the statement of facts, to make a complete transcript by question and answer of his testimony. We have carefully gone over, not only the testimony of appellant's father, but all of the other testimony and it shows clearly that before this check was drawn and passed on Jimerson by the appellant, that his father had expressly notified him that he withdrew any authority of his son to draw any check on the bank and sign his name thereto, and forbade his doing so, and that he also notified the bank of this fact and forbade them paying any such check drawn by his son. That notwithstanding this the appellant, about the first of February, 1907, drew not only the check with which he is charged to have forged in this case but several others along about the same time and negotiated them to other parties which, when presented to the bank, were refused payment under the instructions of his father, and that his father at that time claimed that this check and the others were forgeries and that his son had no power or authority to draw them or negotiate them and that he had done so against his express notice and prohibition. The evidence is clearly sufficient and entirely satisfactory to show the appellant's guilt and while the circumstances of the father having to testify against his son excites our sympathy and regret, yet this can not

prevent us from deciding the case on its merits as if no such state of facts was shown.

The record shows that there was an attempt to procure a bill from the court upon the refusal of the court to give to the jury a special charge. Such special charge does not occur otherwise in the record than as attempted to be saved by this bill of exceptions. The court refused to approve this bill with this requested charge in it, because he had no recollection that any such charge was asked and refused; that he gave one charge requested by the appellant copied into his general charge. So that we must take it that no such charge was asked and refused which appellant can now assign.

Appellant's next bill, after the style, term of court, etc., is as follows: "Be it remembered that upon the trial of this cause and while the State's witness, J. S. Howard, was on the stand as a witness for the State and being interrogated by the county attorney upon his direct examination, he was asked the following question and made the following answer: (Question) Do you remember having a conversation in the latter part of 1906 with the bankers, Tidwell and Cochran, over here in this bank with reference to cashing checks on your account, given by your son, N. J. Howard, signing your name to it? (Answer) I had a conversation but I could not say what year it was. To which question and the answer the defendant then and there objected because it was in the absence of the defendant and could not bind him.

"The court overruled said objection and the witness was permitted to testify as above set out, to all of which he then and there excepted in open court and here and now tenders this his bill of exceptions and asks that the same be approved by the court and filed herein as a part of the record in this case, which is accordingly done." This is the bill in full. In allowing it the court made the following explanation:

"This bill of exceptions is allowed with the following explanation and qualifications: The witness J. S. Howard was shown to be an unwilling witness for the State and unfriendly to the State and to be friendly to the defendant and was his father, and the court was satisfied from the examination of said witness and his answers to the questions propounded to him by the county attorney that this witness was evading questions. The court permitted the witness to be asked the question whether he had a conversation with the bankers or not, but not what the conversation was. The county attorney was attempting to refresh the recollection of the witness as to the time when the witness had notified the defendant not to draw any more checks on his account. The only objection made by the defendant at the time was that it was in the absence of the defendant and could not bind him. The further objection as set out in this bill, 'because it was prejudicial to the rights of the defendant,' was not made."

This court has been under the necessity recently of again calling attention to the uniform decisions of this court holding that such bills as this are entirely insufficient to require, or authorize the court to

consider them or pass upon the questions attempted to be raised. This bill, tested by these rules, is clearly insufficient. But even if we could consider it in any phase of the case, as qualified by the judge in allowing the same, it shows no error whatever that would justify this court in reversing the case. See Douglass v. State, 58 Texas Crim. Rep., 122; Hunter v. State, 59 Texas Crim. Rep., 439 and cases cited therein; and Patterson v. State, recently decided but not yet reported. Also section 857 of White's Code Criminal Procedure, p. 557, where a large number of the cases are collated and the rules laid down covering the preparation of bills of exceptions.

The next bill complains of the action of the court in refusing to permits the witness, J. S. Howard, appellant's father, to answer this question by his attorney: "Téll that jury, knowing Nigel Howard as you know him, and as long as you have known him, and the intimacy existing between you and he, if in your judgment he intended to defraud you at the time he drew any of these checks?" The State objected to this question, because it called for the opinion of the witness and did not call for a fact. The court sustained the objection and refused to permit the witness to testify. If he had been permitted to have testified he would have answered that he did not so believe. It is claimed in this bill that this testimony was admissible on cross-examination "because the indictment charged that the forgery was done to injure and defraud the *defendant.*" It will be seen that this bill is also wholly insufficient. The appellant is mistaken when he claims that the indictment charged that the forgery was done to injure and defraud the *defendant* (meaning no doubt instead of the defendant, *the witness*), appellant's father. Even he is mistaken in this because the indictment does not charge whom the forgery was intended to injure but simply "to injure and defraud" as the statute prescribes. In any event, the court correctly refused to permit this witness to give his opinion as called for by this question.

The only other bill in the record simply shows "that the county attorney offered in evidence two other checks—one known as the Alexander check and one known as the Snell check—to the introduction of which the defendant objected, because they throw no light on the transaction, are not connected with it and the State's witness does not remember whether or not, at the time these checks purport to have been given by his son, he had forbidden the defendant at that time from using his name. Therefore, they were not admissible for any purpose and are prejudicial to the rights of the defendant and throw no light on this transaction." The court overruled the objections and admitted the checks in evidence. In explanation in allowing the bill, the court says: "The court permitted the introduction of the Alexander and Snell checks in evidence because they bore date the same month and year as the alleged forged instrument set out in the indictment in this case, and only a few days apart; this evidence was admitted on the question of the intent of the defendant and was so limited in the

charge of the court. See paragraph 7." This bill is wholly insufficient to present any matter attempted to be raised so that this court can intelligently pass upon it. Besides, as qualified by the explanation of the court, the testimony was admissible.

The first two grounds of appellant's motion for new trial complain of the first two paragraphs of the court's charge—the first, stating that appellant was indicted for forgery of the instrument described in the indictment "with intent to defraud *or* injure;" and in the second paragraph in defining forgery as prescribed by the statute, and in again using the words disjunctively "with intent to injure *or* defraud," claiming that as the defendant had been indicted charged with the forgery of the instrument "with intent to injure *and* defraud" that reversible error was committed. There is nothing in this contention. While the indictment properly charges the forgery of the instrument "with intent to injure *and* defraud" the appellant could have been convicted by showing that he committed a forgery "with intent to injure *or* defraud" as the statute so prescribes. Penal Code, art. 530 and Penal Code, art. 461; Berliner v. State, 6 Texas Crim. App., 181.

Appellant's next ground of the motion for new trial complains of the fifth paragraph of the court's charge, quoting it, "because the same is vague, indefinite and unintelligible, and was calculated to and did mislead the jury." This objection to the charge of the court is too general to require consideration; but further in this ground of the motion, the appellant contends that the undisputed evidence disclosed the passing of the instrument by appellant to the prosecutor Jimerson, and that the court, instead of submitting forgery, should have submitted the passing of a forged instrument, claiming that the law fixed a less penalty for passing a forged instrument than for forging it, and contends that the court should have submitted the offense of passing a forged instrument instead of forging it as the indictment presented each of these counts. No complaint is made that the charge is incorrect in submitting the question of forgery. The evidence, in our opinion, without doubt clearly establishes both forgery and the passing of a forged instrument. As the jury, in assessing the penalty, fixed the lowest, two years, that could have been fixed under the statute for either, no error was committed by the court, if at all, on this point. The court in his charge did submit both counts of the indictment, forgery and passing a forged instrument, correctly and aptly.

By the next ground of the motion the appellant complains in very general language of the sixth paragraph of the court's charge, claiming "that it is not the law applicable to this case and that it is confusing and misleading, and that it was on the weight of the evidence and that it undertakes to couple the defense with the affirmative submission of the State's case. And the fifth ground again complains "that the court erred in not affirmatively submitting appellant's defense in a separate paragraph of his charge to the jury, and in confusing his

defense with an affirmative submission of the State's case." This, it will be seen, is very general in the specifications of complaint.

The record shows that the appellant's defense was that he had the authority of his father to sign his name to checks and procure money from the bank in that way. The court, after aptly submitting the passing of the forged instrument in the fifth subdivision of the charge, in the first paragraph of the sixth subdivision correctly and aptly submitted to the jury the issue of the forgery of the instrument by appellant. Then in a separate and distinct paragraph of the sixth subdivision, charged the jury as follows:

"On the other hand, if you believe from the evidence that the defendant, N. J. Howard, had been authorized by his father, J. S. Howard, to sign checks and draw money from the bank on said checks; or if you believe from the evidence that J. S. Howard did not authorize the defendant to sign his name to the check on the bank, but you further believe from the evidence that the defendant at the time he signed J. S. Howard's name to said check, if he did do so, believed that his father, J. S. Howard, had authorized him to do so; or if you have a reasonable doubt of either fact then you will acquit the defendant. But if you believe from the evidence beyond a reasonable doubt that J. S. Howard had authorized the defendant to sign his name to a check or checks theretofore, but that afterwards he withdrew his permission to do so and notified the defendant that he must draw no more checks on him, then said defendant would not be justified or excused for thereafter signing the name of J. S. Howard. And you are further instructed that the mere fact that J. S. Howard had theretofore paid off checks on him by defendant, that he had not authorized the defendant to sign, would not alone be a defense in this case if the jury believed from the evidence beyond a reasonable doubt that J. S. Howard did not authorize the defendant to sign the check set out in the indictment, and known as the John Jemison check." In our opinion this part of the charge, quoted, presented the appellant's defense in every phase that he could claim it and really more favorable than he was entitled to under the law. That if it is upon the weight of the testimony it is in the favor of the appellant instead of against him, but on the whole, we believe that it was a very apt charge in appellant's favor applicable to the facts and as favorable, or more favorable to the appellant than he could properly claim.

There was no error by the court in limiting the effect of any other checks introduced in evidence other than the one shown in the indictment, as charged by the indictment, to have been forged and passed as a forgery. It was entirely proper for the court to limit the other checks introduced, to the intent of the appellant in signing and passing the check he did sign and pass copied in the indictment.

All the other grounds of the appellant's motion for new trial are to the refusal of requested charges and the admission of evidence, and of the action of the court in the claimed lecture by the court of the appel-

lant's father, J. S. Howard, who was an adverse witness to the State. As none of these questions are properly presented by bills of exceptions, we can not consider them.

There being no error in the judgment it is in all things affirmed.

*Affirmed.*

### ON REHEARING.

### January 24, 1912.

PRENDERGAST, Judge.—The appellant, in his motion for rehearing, has presented in a very clear and forcible way his contention that the latter sentence in that portion of the sixth subdivision of the court's charge is on the weight of the evidence, and injurious to appellant which should result in the reversal of the judgment. We have again carefully gone over the record and considered this question.

It is unnecessary to again copy that portion of the sixth subdivision of the court's charge submitting appellant's defense, the latter sentence of which appellant complains of as on the weight of the evidence; because the whole of that portion of the charge is copied in the original opinion. As we see it, by this charge, the court tells the jury very plainly, in effect, that if appellant had authority from his father to sign the check to acquit him; or even if he had no such authority, but believed he had, to acquit him; or if they had a reasonable doubt of either of these facts to acquit him, but if his father did not authorize him to sign the check, the mere fact that he paid other unauthorized checks would be no defense. In other words, as to this latter part complained of, the court distinctly tells the jury in effect if appellant forged two other checks but his father paid them off and did not prosecute him therefor, that mere fact would be no defense if he forged this check. In our opinion this was a correct enunciation of the law peculiarly applicable to the facts of this case and was not a charge on the weight of the testimony.

As stated in the original opinion herein, the fact that the father had to testify against his son and upon his testimony his son was convicted excites our sympathy and regret. We, like the jury, must follow the law and, seeing it as we do, we can not reverse this case.

The only other question presented by appellant is, he contends that because the complaint of the court's action in lecturing appellant's father is sworn to by him in his motion for new trial, this court should consider it, even though the matter is not presented by bill of exceptions. This is contrary to the long established and well known practice of this court, which is that it can not and will not consider such questions unless authenticated by a bill of exceptions approved by the judge.

The motion for rehearing will, therefore, be overruled.

*Overruled.*