This was refused, and the ruling is properly brought forward for review.

It is not an offense to possess intoxicating liquor unless it be possessed for the purpose of sale. This is the express language of the statute, article 666, P. C. 1925. In numerous cases the announcement has been made that in prosecutions for the present offense it is essential that the evidence show that the liquor in question was possessed for the purpose of sale, and that the jury be so instructed. See Petit v. State, 90 Tex. Cr. R. 336, 235 S. W. 579, and numerous other cases collated in Vernon's Tex. Crim. Stat. 1925 (Pen. Code) vol. 1, p. 435, note 7.

[2] It is a general rule that an error in the charge brought up by a bill of exceptions will not authorize a reversal unless the facts developed upon the trial are before the appellate court. To such rule there is the following exception:

"But this court will revise the charge of the court in a felony case when such charge is not warranted by the indictment, and when, under any state of evidence, it would be manifestly erroneous, and may have prejudiced the rights of the accused. Mitchell v. State, 2 Tex. App. 404."

The application of this exception to the general rule resulted in a reversal of the judgment of the case of Brown v. State, 16 Tex. App. 198. The operation of the rule in a proper case has often been recognized. See Wilson v. State, 52 Tex. Cr. R. 173, 105 S. W. 1026; Bryant v. State, 35 Tex. Cr. R. 394; Shrewder v. State, 62 Tex. Cr. R. 403, 136 S. W. 461, 1200.

The charge in the present case not conforming either to the indictment or to the statute and authorizing a conviction of the appellant upon proof of facts which do not constitute an offense, the error complained of is one of which this court is compelled to take notice, notwithstanding the statement of facts was not filed within the time prescribed by law, but was filed within the time allowed by order of the court.

For the error pointed out, the rehearing is granted, the judgment of affirmance is set aside, the judgment of the trial court is reversed, and the cause is remanded.

---

### JONES v. STATE. (No. 10157.)

(Court of Criminal Appeals of Texas. Oct. 6, 1926. Rehearing Denied Nov. 3, 1926.)

Criminal law ⊚═>553—Conviction for selling liquor is not to be disturbed because witness claiming to have told officer immediately after his arrest that he purchased liquor from defendant was shown to have denied such purchase at first.

Testimony by witness that he informed officer immediately after his arrest that he purchased liquor in his possession from defendant is not rendered insufficient to sustain conviction for selling liquor by testimony of officer that witness at first denied having purchased liquor from defendant.

Appeal from District Court, Jefferson County; J. D. Campbell, Judge.

Anderson Jones was convicted of selling intoxicating liquor, and he appeals. Affirmed.

F. G. Vaughn, of Beaumont, for appellant.
Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

HAWKINS, J. Conviction is for selling intoxicating liquor; punishment being one year in the penitentiary.

Brown, the alleged purchaser, testified on the trial that he purchased whisky from appellant; that it was in two soda pop bottles. An officer arrested him shortly after the purchase and found the two bottles of whisky in his possession. Brown also testified that he immediately told the officer where he got it. Appellant challenges the sufficiency of the evidence because the officer testified that Brown first denied knowing from whom he got the whisky and claimed to have gotten it at a place other than appellant's, and did not divulge appellant as the seller until the patrol wagon approached.

We think the record shows no such case as would warrant this court in disturbing the jury's settlement of the issue of fact in favor of the state. Mertel v. State, 96 Tex. Cr. R. 612, 259 S. W. 579; Hill v. State, 99 Tex. Cr. R. 290, 269 S. W. 90; Kyle v. State, 99 Tex. Cr. R. 554, 270 S. W. 1020, cited by appellant in support of his contention, are based on facts so different from those in the present case we do not regard them as controlling.

The judgment is affirmed.

---

### WATSON v. STATE. (No. 9819.)

(Court of Criminal Appeals of Texas. March 31, 1926. State's Rehearing Granted June 25, 1926. Rehearing Denied Nov. 3, 1926.)

1. Homicide ⊚═>166(3).

Where alleged cause of difficulty resulting in shooting of prosecuting witness was his supplying defendant's young brother with whisky, evidence as to drinking of whisky by near relatives of defendant *held* properly admitted.

2. Homicide ⊚═>160.

In prosecution for assault with intent to murder, permitting proof that defendant's pistol had been secured from neighbor short time prior to difficulty by another *held* not erroneous, where such other and defendant had acted together at time of and prior to difficulty.

**3. Homicide ⚖=174(1).**

Testimony that evening after shooting defendant remarked that he hoped prosecuting witness would die *held* admissible as snowing animus of defendant against prosecuting witness.

**4. Homicide ⚖=166(1).**

Evidence in prosecution for assault with intent to murder, concerning defendant's purpose in stopping at house of prosecuting witness, *held* admissible as tending to show defendant's motive for assault.

On Motion for Rehearing.

**5. Criminal law ⚖=1119(4).**

Where bill of exceptions complaining of arguments of district attorney, contained statement that trial court could not say whether district attorney used language complained of, and complaint of remarks was made privately, bill did not present error.

**6. Criminal law ⚖=1169(1).**

Admission of evidence as to plea of defendant's accomplice, in prosecution for assault with intent to murder, that he was under age and wished to be tried as juvenile so that he could be sent to reformatory, *held* not to require reversal.

Commissioners' Decision.

Appeal from District Court, Bowie County; Hugh Carney, Judge.

Bart Watson was convicted of assault with intent to murder and he appeals. Affirmed.

W. W. Arnold, of Texarkana, for appellant.

Wright Patman, Dist. Atty., of Texarkana, Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

BAKER, J. The appellant was convicted in the district court of Bowie county for an assault with intent to murder Charley Emerson, and his punishment assessed at four years in the penitentiary.

The record in this case shows that the appellant and his nephew, Gene Watson, a boy about 17 years of age, were in an automobile and had with them a Winchester and an automatic pistol. They stopped in front of the prosecuting witness' house, and when he came out to the automobile, after engaging in a conversation, Gene Watson shot said prosecuting witness with a pistol, through the chin and into his windpipe, and the bullet lodged in his lungs. The prosecuting witness hastily started to the house of his neighbor, and, after leaving the car about 15 or 20 feet, Gene Watson shot at him with the Winchester. It was the contention of the state, and evidence was introduced to that effect, that the appellant and Gene Watson called the prosecuting witness, Emerson, out to their automobile, which was standing in front of the gate, and asked him when he was going to leave, and if he was going to leave that day, and, upon being informed by said prosecuting witness that he could not leave that day, stated, "We come down here to kill you," and, upon being asked why they wanted to kill him, they replied because they were bad men, and appellant replied, "He could kill me and get out of it for a dime, and said he had a right to kill me, and said he was a United States marshal." After some further remarks along this line, said prosecuting witness testified that appellant leaned back in his seat and said to Gene Watson, "Put it to him," and that Gene Watson shot him immediately, as above stated. The prosecuting witness also testified that said parties were drinking at the time, and under the influence of whisky, and that he had met them the day prior to the shooting, at which time appellant drew a pistol on him and cursed him, but afterwards in a manner apologized to him and asked him to say nothing about it.

It was the contention of the appellant that he and his nephew, Gene Watson, were passing the house of the prosecuting witness and going to get a "middle buster," or some farm implement, and were requested to stop by said Emerson, and, upon doing so, Emerson inquired of the appellant about getting a job making some railroad ties, and, upon being informed that appellant's brother, the father of Gene Watson, was handling that business, he began to curse his brother, Nig Watson, and called him a son of a bitch, whereupon Gene Watson took it up, and, after Gene and the prosecuting witness had engaged in a very rough conversation, in which they were both cursing each other, Gene Watson accused the prosecuting witness of having sold some whisky to his brother, of about 15 years of age, when said prosecuting witness called him a "damned liar," and grabbed him, and then Gene Watson drew the pistol and shot the said Emerson.

From the record it is to be inferred that Gene Watson's greatest grievance against the prosecuting witness was the alleged sale of whisky to his brother, which was denied. The record also discloses that the pistol and Winchester belonged to the appellant, and he and Gene Watson appeared to be sleeping or living together, prior to and at the time of the difficulty. Appellant further contended that the prosecuting witness was selling whisky to the negroes on his farm, against his desire and against his will, and that he was not instrumental in bringing on the difficulty between Gene and Emerson, and that the shooting took place before he could prevent it. This is a sufficient statement of the issues raised for a discussion of this case.

[1] There are many bills of exceptions in the record objecting to the testimony introduced by the state relative to the drinking of whisky by appellant, Gene Watson, the appellant's father, and appellant's 15 year old brother, Joe Watson, and the handling of

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

whisky by Gene Watson and the appellant. But, in view of the issue raised and the testimony introduced by the appellant contending that the cause of the difficulty was on account of the prosecuting witness Emerson having sold whisky to appellant's nephew and Gene Watson's brother, Joe, we are of the opinion that there is no error shown in the admission of said testimony, as same was bearing on said issue and in rebuttal of the defense therein made.

[2] Complaint is made to the court's action in permitting the state to prove that Gene Watson had gone a short time prior to the difficulty and gotten the appellant's pistol, which was then in possession of one of his neighbors, and which was used in the difficulty. It is the contention of the appellant that the acts and declarations of Gene Watson in getting the said pistol were inadmissible, because same was not shown to have been known to him or made in his presence. We are of the opinion that there is no merit in these bills, as they were shown to have been acting together at the time of the difficulty and prior to the difficulty.

[3] Bill 16 also complains of the action of the court in permitting the state's witness to testify that, on the evening after the shooting, the appellant, in referring to the prosecuting witness and to the difficulty, remarked that he hoped the son of a bitch would die. We think this testimony was clearly admissible as showing the animus of the appellant against the prosecuting witness, and the motive he had at the time of the difficulty, and in rebuttal of his contention that he was not acting in connection with his nephew, Gene Watson, at the time of the shooting.

Complaint is made in bill 19 to the closing argument of the district attorney to the jury, wherein he used the following language:

"We could not attack the defendant's reputation. He could have put his reputation in issue; we could not. Why would he not put his reputation in issue? If he had done so, then we could have introduced testimony in answer to what his witnesses said about his reputation. Why would they not put his reputation in issue? I presume there must be something against his reputation or they would have seen fit to put it in issue and brought witnesses here to testify about it."

This bill shows that the defendant had not put his reputation in issue, and the court, in granting said bill, qualifies same to the following effect:

"The rule of practice in this court requires that defendant request a special charge at the time setting forth the language complained of. In absence of same, court cannot at this time say whether or not the district attorney used the language complained of."

The bill further shows that, at the time said remarks were made, the defendant's attorney called the court's attention thereto and excepted to said remarks. It appears from the qualification that the court was of the opinion that it was necessary for the attorney to prepare a special charge and present same at the time of taking the bill, and that same was his practice in his court in requiring it. This court has not followed that rule, and in the case of Childress v. State, 92 Tex. Cr. R. 215, 241 S. W. 1029, under similar state of facts, Judge Hawkins, for this court, stated:

"The learned trial judge qualified the bill by stating that appellant did not submit any special charge to the court instructing the jury to disregard the question. It is our opinion that the question was such a gross violation of all rules of procedure that it should not be necessary for appellant to request the court to instruct the jury that it was improper and to disregard the same. The court should have done so of his own motion, and should have promptly reprimanded the district attorney for asking such a question. There is no better known rule than that the reputation of the defendant cannot be inquired into by the state unless the accused himself opens up the way, and for the district attorney to propound such a question, thereby forcing the accused in the presence of the jury to interpose an objection, called for prompt action on the part of the court. As long as the law presumes an accused to be innocent attorneys for the state ought not inject into the trial a matter which every well-informed lawyer knows is improper."

Under a similar state of facts, Judge Davidson held it was reversible error for the district attorney to indulge in such comment in the case of Pollard v. State, 33 Tex. Cr. R. 197, 26 S. W. 70, which was also followed in the case of Turner v. State, 39 Tex. Cr. R. 327, 45 S. W. 1020. There are many other authorities we could cite in support of this doctrine, but we deem it unnecessary. We regret that it becomes necessary to reverse this case on this argument, but, under the well-established doctrine of this state for many years, we think there is no other alternative left to this court.

Bill No. 11 complains of the action of the court in permitting the district attorney, upon cross-examination of Eugene Watson, to show by him that he had filed a plea the day before testifying to the effect that he was under 17 years of age, asking that he be tried as a juvenile so that he could be sent to the reformatory. It is urged by the appellant that he was not bound by acts of said Eugene Watson in filing said plea, and that said testimony was immaterial and prejudicial to his case. We think this testimony was inadmissible against the appellant.

[4] By bill 13 complaint is made to the action of the court in permitting the district attorney, on cross-examination of the appellant, to ask him if he did not stop at the prosecuting witness' house to see the wife of said prosecuting witness, and if he did not tell the witness Shafer that he had had illicit relations with said Emerson's wife. To

the first question, the appellant answered in the negative, and to the second question answered he did not remember making such a statement, but denied having any illicit relations with the wife of said prosecuting witness. It is urged that this testimony was immaterial and prejudicial, because the matters inquired about had nothing to do with the trouble involving the difficulty. We are of the opinion that this evidence was admissible as a circumstance tending to show motive, under the peculiar facts of this case.

For the errors above discussed, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

PER CURIAM. The foregoing opinion by the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

MORROW, P. J., absent.

### On Motion for Rehearing.

HAWKINS, J. [5] In its motion for rehearing, the state contends that the bill of exception relating to the argument of the district attorney should not have been considered by us. The court's qualification on the bill is set out in our former opinion. Our attention was directed to the statement therein that the rule of the trial court required appellant to request a special charge setting forth the language complained of in the argument, rather than to the effect of the entire qualification. The rule of the court, though not complied with, would not deprive accused of complaint of improper argument if the matter was otherwise properly before us. Weige v. State, 81 Tex. Cr. R. 476, 196 S. W. 524; Simmons v. State, 93 Tex. Cr. R. 421, 248 S. W. 392.

The state urges that in view of that part of the qualification stating that the "court cannot at this time say whether or not the district attorney used the language complained of" leaves the bill without any certificate from the trial judge that the argument was used. The state's position is supported by Lane v. State, 59 Tex. Cr. R. 595, 129 S. W. 353, in which a bill complaining of argument bore a notation by the trial judge that he was preparing his charge at the time, and, if the remark complained of was made, he did not hear it. This was held to be no certificate that the argument was made. See, also, Howard v. State, 65 Tex. Cr. R. 25, 143 S. W. 178.

There is another matter in connection with this same bill to which we now call attention. After setting out the argument to which objection was sought to be made, the bill recites:

"At this stage the attorney for the defendant walked up to the judge's bench and told the judge he was excepting and objecting to said remarks by the district attorney."

[6] There is no statement in the bill that the court made any ruling on the matter, or that he was requested so to do. The inference may be drawn that the complaint was made privately to the judge. It has been held that an objection so made is not available. Weige v. State, supra; Simmons v. State, supra; Harris v. State, 93 Tex. Cr. R. 544, 249 S. W. 485. Upon both grounds discussed it appears the bill complaining of the argument does not present error. The only other point decided adversely to the state in our former opinion was regarding the district attorney asking Eugene Watson upon cross-examination if he had not sought to be tried as a juvenile. We do not regard this matter of sufficient importance to demand a reversal.

The state's motion for rehearing is granted, the order of reversal is set aside, and the judgment is now affirmed.

### On Further Motion for Rehearing.

LATTIMORE, J. Appellant's counsel in his motion asks that we set out the language imputed to state's counsel by bill of exceptions No. 19, in order that the judiciary and the bar may know if we uphold the use of such language and argument. Counsel misapprehends our holding. We do not approve the language set out in the body of said bill, and, if same was properly before us, certified to as having been used by the state's attorney, we would not hesitate to condemn it, but the learned trial judge expressly declined to certify that such language was used, stating that he "cannot at this time say whether or not the district attorney used the language complained of." If appellant's counsel had desired, he could have declined to accept said bill of exceptions with the qualification mentioned, and could have brought before us, by proper bystanders' bill, the language actually used, in which case we would have been in position to pass on the propriety of the use of such language. Our opinion goes no further than to decide that the bill of exceptions was insufficient to bring before us complaint of the use of the language set out in the bill.

The motion for rehearing will be overruled.