## FELIX WILLIAMS V. THE STATE.

No. 10427.   Delivered December 15, 1926.

Rehearing denied January 26, 1927.

**1.—Carrying Pistol—Evidence—Held Admissible.**

Where on a trial for carrying a pistol, it was shown that at the time of appellant's arrest, he and one Thompson were together in an automobile, both armed and acting together in an unlawful enterprise, the acts and declarations of Thompson prior to and at said time were admissible against the appellant. Following Ross v. State, 267 S. W. 499; Good v. State, 267 S. W. 505, and Watson v. State, 287 S. W. 265.

### ON REHEARING.

**2.—Same—Evidence—Declarations of Co-Conspirator—Rule Stated.**

It is a well established rule of evidence that there must first be shown

a prima facie case of concerted action between the accused and another to warrant the admission of the acts and declarations of the purported co-conspirator. A further examination of this record leaves the court still of the opinion that under the circumstances shown, the court properly admitted proof of Thompson's acts and declarations, and the motion for rehearing is overruled.

Appeal from the County Court of McLennan County. Tried below before the Hon. Jas. R. Jenkins, Judge.

Appeal from a conviction for carrying a pistol, penalty a fine of $100.

The opinion states the case.

*W. L. Eason* of Waco, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the County Court of McLennan County for unlawfully carrying a pistol, and his punishment assessed at a fine of $100.

The record discloses that on Wednesday night, preceding the arrest of the appellant on the following Friday night, a note demanding the payment of $5,000.00 and threatening violence in the event of noncompliance was thrown on the porch of the residence of Mr. Seley, president of a bank in Waco. In this note the word "we" was used in making the demand, and the note was signed "Dragon." On Thursday night, Mr. Seley answered a telephone call and was informed that the party talking had written the note or letter demanding the $5,000.00, and that he desired to know if Mr. Seley was going to comply with the demand made in said note, threatening to dynamite the Seley home in case the demand was refused. About 8:50 o'clock on Friday night, the night of the arrest, Mr. Seley was again called over the telephone. He was reminded of the note and of the telephone conversation on Thursday night, and was asked if he intended to comply with the demand, after which the party calling suddenly hung up the receiver. Mr. Seley recognized the voice of the party talking as that of Jim Thompson. The witness, Barker, testified that on this same night and about the same time, the appellant and Jim Thompson came to his filling station; that while he, the witness, was filling up appellant's car with gasoline, Jim Thompson was talking to someone over the telephone; that as Thompson and the appellant were in the act of driving away several officers drove up, whereupon Thompson drew his

pistol, began firing at the officers and then ran away; and that the appellant remained in the car and took no part in the shooting. The officers found a pistol on the appellant's person and two sticks of dynamite on the back seat of his car. The appellant defended upon the ground, and testified to that effect, that he had contracted to sell this pistol to a Mr. Crawford and was on his way to deliver it; that as he was leaving his home, Jim Thompson, whose father lived near him, requested that he, Thompson, be allowed to ride with him, appellant, which request was granted; that he, appellant, intended to deliver the pistol and then take Thompson across the river to where his relatives lived; and that he did not know that the dynamite was in the car. Crawford corroborated the appellant's testimony relative to the agreement to purchase the pistol.

We find 12 bills of exception in the record, most of which complain of the action of the court in admitting the state's testimony relative to the note demanding the $5,000.00, the telephone conversations, and the shooting between Thompson and the officers, the appellant contending that the evidence relative to said matters failed to connect him therewith, or to show sufficiently that he was a "confederate" of the said Jim Thompson therein. We are unable to agree with this contention. The undisputed evidence shows that appellant and Thompson, each armed with a pistol, were riding together in appellant's car and that two sticks of dynamite, capped and ready for use, were on the back seat of said car when the parties reached the filling station and while Thompson was talking over the telephone to Seley; and that said parties were preparing to drive off in the car when the officers approached and Thompson opened fire upon them. We think all of these facts were admissible to show that the appellant and Thompson were acting together at the time of the arrest in an unlawful enterprise, and that the acts and conversation of Thompson prior to and at said time were admissible in this instance against the appellant. Ross v. State, 267 S. W. 499; Good v. State, 267 S. W. 505; Watson v. State, 287 S. W. 265. The greater portion of the testimony complained of was also admissible to contradict the appellant's contention to the effect that he was carrying the pistol upon a lawful mission, although some of it was introduced on examination in chief and not in rebuttal. Nichols v. State, 97 Tex. Crim. Rep. 178.

After a careful examination of all the bills of exception and the entire record, and failing to find any reversible error therein, we are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Through his counsel appellant files a persuasive motion challenging the conclusion heretofore announced that no error was committed by the trial court in admitting in evidence the acts and declarations of Jim Thompson. His contention is that (excluding the acts and declarations of the claimed co-conspirator Thompson) the testimony falls short of making out a prima facie case of concerted action between appellant and Thompson in the absence of which the acts and declarations of the latter were not provable. There is no difference between appellant and the court as to the controlling principle of law involved. The difference arises in the divergent conclusions drawn from the evidence. The very courteous but earnest motion and argument thereon has caused us to again review the evidence, having in mind the particular point under consideration. This investigation leaves us still of the opinion that under the circumstances shown the court properly admitted proof of Thompson's acts and declarations.

The motion for rehearing is overruled.

*Overruled.*